IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA FREEMAN,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF PHILADELPHIA, et al.,**<br><br>*Defendant.* | Case No. 2:19-cv-04105-JDW |

## MEMORANDUM

Rhonda Freeman claims that she received contaminated envelopes in the mail. She also says that the City of Philadelphia's Police and Fire Departments didn't do anything about it. Two problems doom her claims from the outset. First, she cannot sue the City or its departments for negligence under Pennsylvania law. Second, she has not alleged that anyone violated a constitutional or statutory right pursuant to a City policy, practice, or custom. The Court will dismiss her claims.

### I.     FACTUAL BACKGROUND

#### A.     The Allegations In The Case

Ms. Freeman alleges that on November 14, 2017, she called 911 after she received contaminated envelopes that caused her dizziness, headaches, and shortness of breath. When a Philadelphia Police officer arrived at her home, Ms. Freeman told the officer about the contaminated envelopes as well as her health complications. Ms. Freeman also told the officer that she caught a hacker eavesdropping on her call with the Low Income Home Energy Assistance Program. Nevertheless, the officer refused to take the contaminated envelopes for testing. Ms.

Freeman called 911 again on November 16, 2017, and the Philadelphia Fire Department responded. However, a firefighter also refused to test the envelopes.

Ms. Freeman also includes a variety of other, sometimes-rambling allegations. She claims that she was the victim of a terrorist attack by Alberina Driza, and that a City employee has removed records of those lawsuits from the City's website. Public records reveal that Mr. Driza filed a Complaint in Ejectment against Ms. Freeman, and the Court of Common Pleas for Philadelphia County entered a Writ of Possession in Mr. Driza's favor. (ECF No. 9 at Ex. A.) Ms. She talks about EMS personnel placing a neighbor in an ambulance, but she does not tie those allegations to her or her claims. In addition, she claims that someone has hacked her cell phone and that she has been a victim of stalking. Finally, she complains that her aunt has exploited her financially by charging her rent.

**B.     Procedural History**

On September 9, 2019, Ms. Freeman filed a Complaint against the City of Philadelphia, Philadelphia Police, and Philadelphia Fire Department. On October 30, the City filed a motion to dismiss the Complaint. On October 31, 2019, Ms. Freeman filed a motion for a default judgment, which the Court denied on December 13, 2019. The Court also ordered Ms. Freeman to show cause why the Court should not grant the City's Motion as unopposed. On December 22, 2019, Ms. Freeman filed a response to the Court's Order, saying that her default judgment motion was her response to the motion to dismiss. That filing also includes references to Fed. R. Civ. P. 15, and the Court has considered it as a supplement to the original Complaint.

**II.    LEGAL STANDARD**

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all well-pleaded allegations of fact in the plaintiff's

complaint, and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). A document filed *pro se* is to be liberally construed, and a Court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). Accordingly, claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). That said, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citations omitted).

### III.   ANALYSIS

#### A.   Philadelphia Police And Fire Department

The Philadelphia Police and Philadelphia Fire Department have no existence apart from the City of Philadelphia. *See* 53 P.S. § 16257. They are not proper parties to the case.

#### B.   *Monell* Claim

Although Ms. Freeman does not state with certainty what her cause of action is, she does say that the City's behavior "is beyond careless and negligent." (ECF No. 1 at 5.) The Court therefore treats the claim as one for violation of constitutional rights by inaction. In evaluating such a claim, a court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Ms. Freeman has not identified any constitutional right that the City has violated, nor can the Court discern one.

In her Motion for Default Judgment and in her response to the Court's Order to Show Cause, Ms. Freeman also cites a number of federal statutes that she claims are being violated. A violation of a federal statute, rather than a constitutional provision, can underpin a claim for municipal liability. However, Ms. Freeman has not alleged that any City employee has violated a federal statute. She merely claims that someone—apparently a private citizen—has violated those laws. That allegation is not enough to establish municipal liability, however.

Even if Ms. Freeman had identified a constitutional or statutory violation, her claim would fail because she has not shown it to be a product of the City's policy, practice, or custom. A municipality can be liable only if an alleged constitutional transgression "implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York, PA*, 564 F.3d 636, 657 (3d Cir. 2009) (citation omitted). A government policy or custom can be established in two ways: Policy is made when a decisionmaker, who possesses final authority to establish a municipal policy with respect to the action, issues an official proclamation, policy, or edict. *See McTernan*, 564 F.3d at 657 (citing *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990)). Custom, on the other hand, requires a showing that the practice of state officials in question, though not authorized by law, is so permanent and well-settled as to virtually constitute law. *See Id.* Custom requires proof of knowledge and acquiescence by the decisionmaker. *See Watson v. Abington Twp.*, 478 F.3d 144, 154 (3d Cir. 2007); *Beck*, 89 F.3d at 971. Ms. Freeman has not identified a custom or policy that the City implemented. *See McTernan*, 564 F.3d at 658 (a claimant "must identify a custom or policy, and specify what exactly that custom or policy was").

To the extent that Ms. Freeman alleges that the City was deliberately indifferent to her rights, such a claim must allege some basis to think that the City's decisionmakers were

4

deliberately indifferent to her rights, based on a pattern of similar incidents or an allegation that municipal decisionmakers "know to a moral certainty" that the alleged constitutional deprivation would occur" and that training or supervision was therefore necessary. *See Berg .v. Cty of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). She has not made such allegations.

### C. Negligence Claim

Ms. Freeman claims that the Police Department and Fire Department officials were negligent when they failed to test the bag of contaminated envelops sent to her residence. Pennsylvania's Political Subdivision Tort Claims Act provides that political subdivisions and their employees are immune against civil damage actions, except as provided for under the PSTCA itself. 42 Pa.C.S.A. §§ 8541 *et seq*. Ms. Freeman's claim for negligence does not fall within any of the narrow exceptions set forth in the statute. The statute therefore bars her negligence claim.

## IV. CONCLUSION

While Ms. Freeman might be upset, she has not shown a basis for relief against the City. The Court will therefore dismiss her claims. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 30, 2020

5