IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA FREEMAN,** *Plaintiff,* v. **CITY OF PHILADELPHIA, et al.,** *Defendant.* | Case No. 2:19-cv-04105-JDW |

## MEMORANDUM

Rhonda Freeman claims that she received contaminated envelopes in the mail and that the City of Philadelphia has not done anything about it. Ms. Freeman tries to tie her claims to City policies that might obligate the City to help her. But she has not alleged that the City has a policy or custom of refusing to help. Nor has she alleged that a municipal decisionmaker had any involvement at all with her case. Her claim against the City under 42 U.S.C. § 1983 fails as a result. Ms. Freeman also cannot succeed on her negligence claims because Pennsylvania law bars them. The Court will dismiss her claims for a second time.

## I. FACTUAL BACKGROUND

### A. The Allegations In The Case

The crux of Ms. Freeman's complaint appears to be that she is the target of a terrorist plot. She claims that she has been the target of bioterror in envelopes. On November 14, 2017, Ms. Freeman called 911 because she became ill after receiving supposedly contaminated envelopes that someone named Alberina Driza sent her. She says that someone dressed like a firefighter walked toward her with a note in his hand. But no one tested the envelopes. Since then, she claims that she received more contaminated envelopes that did not come through the U.S. Mail, even

though they were addressed. She says that, at some point, a Philadelphia Police Officer removed a bag of contaminated envelopes from her basement. Despite this, the Philadelphia Fire Department and Police refused to test the envelopes or protect her.

Ms. Freeman also claims that some number of people are stalking her. She alleges that a group of terrorists called her and threatened her on several occasions. She also asserts that Samsung caught terrorists stalking her phone and accuses the City of being responsible. She says that terrorists manipulated the White House's website and that someone recorded a fake deed on her property and took Mr. Driza's name of the City's "phila.gov" website.

### B. Procedural History

On September 9, 2019, Ms. Freeman filed a Complaint against the City of Philadelphia, Philadelphia Police, and Philadelphia Fire Department alleging claims for municipal liability under Section 1983 and for negligence. However, Ms. Freeman did not identify a custom or policy that violates her constitutional or statutory rights. The Court dismissed the claims with leave to file an Amended Complaint. Ms. Freeman filed the Amended Complaint on May 11, 2020. She relies on the same factual background but has added a litany of new statutes and a Fourteenth Amendment claim.

## II.   LEGAL STANDARD

A district court may dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.

A claim has facial plausibility when the complaint contains factual allegations that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In doing so, the court must "draw on its judicial experience and common sense." *Id*. Under the governing "pleading regime [,]" a court confronted with a 12(b)(6) motion must take three steps. First, the Court must identify the elements needed for the alleged claim. *Id*. at 878. Second, the Court will identify conclusory allegations that are not entitled to the presumption of truth. *Id*. Third, the Court must accept well-pleaded allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id*. The Court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790 (citations omitted). A document filed *pro se* is to be liberally construed, and a Court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

### III.   ANALYSIS

Ms. Freeman does not state her cause of action. She asserts that the City failed to "investigate" and "protect her" from terrorism and stalkers. (ECF No. 19 at 6, 10). The Court construes those allegations as a claim of municipal liability under Section 1983. She also refers to the City's negligence. (*Id.* at 1, 2, 4.) The Court construes that allegations as a claim for negligence. But she has not stated plausible claims for each.

#### A.   Municipal Liability Claim Under Section 1983

To succeed on her claim for municipal liability, Ms. Freeman needs to identify a formal policy or informal custom of the City that violates her federal statutory or constitutional rights. *See McTernan v. City of York, PA*, 564 F.3d 636, 657 (3d Cir. 2009). It is not enough for a City employee to injure a citizen's rights. *See Monell v. Dep't of Soc. Servs. Of City of New York*, 346

3

U.S. 658, 694 (1978). A "policy" means that a municipal decisionmaker who possesses final authority issues an official proclamation, policy, or edict. *McTernan*, 564 F.3d at 657. A "custom" requires a showing of a City practice that is so prevalent and well-settled, it constitutes law. *See id*.

In the Amended Complaint, Ms. Freeman lists several federal statutes ranging from bioterrorism and weapons of mass destruction to witness intimidation. But she has not alleged that a policymaker decided not to protect Ms. Freeman's rights, so she has not alleged the existence of a policy. She also has not pointed to any permanent and well settled practice in which the City does not protect its citizens' rights. The fact that a single police officer did not investigate and protect Ms. Freeman does not make it a City custom. *See City of Canon v. Harris*, 109 S. Ct. 1197, 1203 (1989). The City is responsible for long standing practices, not for a single action of a few employees.

Ms. Freeman also states the City has been deliberately indifferent to her rights. To be liable for deliberate indifference, municipal leaders must know or clearly see a pattern of violations but refuse to protect those rights. *See Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). Ms. Freeman has not plead any facts to suggest City officials knew or could foresee a pattern of statutory and constitutional violations. Ms. Freeman's failure to tie the violation of her rights to a municipal practice or custom dooms her municipal liability claims.

### B.     State Tort Claim

Under Pennsylvania's Political Subdivision Tort Claims Act. municipalities are immune from liability except for nine narrow categories. 42 Pa.C.S.A. §§ 8541 *et seq*. Ms. Freeman's allegations do not fall within these narrow exceptions. The Court will therefore dismiss her

4

negligence claim. Because there does not appear to be a way for Ms. Freeman to assert that an exception applies, the Court will dismiss that claim with prejudice.

## IV. CONCLUSION

Twice, Ms. Freeman has tried to assert a claim of municipal liability. Twice, she has failed. The Court will give her one more chance to file an amended complaint that asserts a claim under Section 1983 and satisfies the requirements for municipal liability. However, because Ms. Freeman cannot assert a plausible state law tort claim against the City, the Court will dismiss that claim with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 2, 2020