## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA FREEMAN,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF PHILADELPHIA, et al.,**<br><br>*Defendant.* | **Case No. 2:19-cv-04105-JDW** |

## <u>MEMORANDUM</u>

Rhonda Freeman claims that she received a phone call from a phone number pretending to be the Defense Logistics Agency. She also claims that the DLA is behind numerous bioterrorism, stalking, and hacking attacks against her. Ms. Freeman's claims against DLA fail for three reasons. First, she cannot sue the DLA, a federal agency, under 42 U.S.C. § 1983. Additionally, Ms. Freeman cannot bring criminal charges through a private lawsuit against the DLA. And finally, this Court lacks subject matter jurisdiction over her negligence claims. The Court will therefore dismiss her claims.

## I.       FACTUAL BACKGROUND

### A.       Allegations

Ms. Freeman alleges that she has been the victim of bioterrorism, stalking, and hacking attacks since November 2017. She claims that the DLA, a United States Department of Defense agency, is behind these attacks. (ECF Nos. 26 at ¶ 14 and No. 34 at 4.) She says that she received phone calls from a phone number "pretending to be DLA/DLA Troop Support" (*Id*. at ¶ 14) and that DLA hacked her phone and computer and "committed cyberterrorism against the White House website. . . ." (*Id*. at ¶ 15.)

Although her pleadings ramble and are at times hard to follow, it appears that Ms. Freeman claims she has been receiving contaminated envelopes and that someone dressed like a firefighter "refused to help with anything and was holding a note folded in his hand. . . ." (*Id*. at 3.) For reasons unknown, Ms. Freeman believes that DLA is attacking her "with bioterrorism packages" and that "an individual employee Darryl Wilson" is stalking her and is also "probably the one in the fake firefighter uniform." (ECF No. 34 at 2-4.)

### B. Procedural History

Ms. Freeman commenced this action by filing a Complaint against the City of Philadelphia, the Philadelphia Fire Department, and the Philadelphia Police Department. (ECF No. 1). After multiple amendments, Ms. Freeman added DLA as a defendant. (ECF Nos. 24 and 26.) On September 18, 2020, the Court dismissed Ms. Freeman's claims against the City with prejudice. (ECF No. 29).

DLA filed its Motion to Dismiss Ms. Freeman's Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 33).  On October 20, Ms. Freeman responded, opposing DLA's motion. (ECF No. 34). In her Response, she mentioned, for the first time, the Federal Tort Claims Act. Out of an abundance of caution, and in addition to her other claims, the Court will examine Ms. Freeman's allegations under the Federal Tort Claims Act.

## II.    LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).  A document filed *pro se* is to

be liberally construed, and a Court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).  Accordingly, claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). That said, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citations omitted).

Althoughthe  DLA has not filed a Rule 12(b)(1) motion in the instant action, the Court is permitted to raise the issue of subject matter jurisdiction *sua sponte*. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)."Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)(internal quotation marks omitted). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (alterations in original) "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). If the Court is certain that assertion of jurisdiction would be improper, it must dismiss such a case. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). In

contrast, when reviewing a factual challenge, a Court may "weigh and consider evidence outside the pleading." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

### III.   ANALYSIS

Although Ms. Freeman cites to a number of state and federal statutes, she points to 42 U.S.C. § 1983 and 18 U.S.C. § 242 as her causes of action..   Although Ms. Freeman has not asserted a claim under the FTCA, she mentions it in her Opposition to this Motion.

#### A.   Section 1983 and *Bivens* Claims

"To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not permit claims based on actions takein under color of federal law, only state law. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law"). As a federal agency, the DLA and its employees act under the color of federal law. As a result, Ms. Freeman cannot maintain Section 1983 claim against DLA or any of its employees.

Although Section 1983 does not allow for claims arising under federal law, the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognizes an implied right of action where individual federal officers violate certain constitutional rights. *Bivens*, 403 U.S. at 392. But "*Bivens* has been construed so that no remedy is extended to suits against federal agencies." *Huberty v. U.S. Ambassador to Costa Rica*, No. 3:07-CV-1420, 2007 WL 3119284, at *4 (M.D. Pa. Oct. 22, 2007), *aff'd*, 316 F. App'x 120 (3d Cir. 2008) (citing to *FDIC v. Meyer*, 510 U.S. 471, 486 (1994)). Rather, a "Bivens suit can only exist against government

officials in their individual capacities. *Id.* As a result, Ms. Freeman cannot bring a *Bivens* claim against DLA. So Ms. Freeman cannot maintain a *Bivens* claim against the DLA, either.

### B.     Section 242

Section 242 is a criminal statute. With limited exceptions that do not apply here, criminal statutes do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x55, 556 (3d Cir. 2018). As a matter of law, Ms. Freeman cannot pursue a claim under Section 242 against the DLA or anyone else. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) ("Plaintiff cannot bring criminal charges [under § 242] through a private lawsuit, and these sections do not give rise to a civil cause of action.").

### C.     The Federal Tort Claims Act

The FTCA is a limited waiver of the United States' sovereign immunity. It permits private suits against the federal government when an injury results from a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." *See*  28 U.S.C. § 1346(b)(1); *White-Squire v. U.S. postal Serv.*, 592 F. 3d 453, 456-57 (3d Cir. 2010). But "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)(citing 28 U.S.C. § 2675(a)). The claim must be presented in writing and accompanied by a claim for money damages in a "sum certain." *White*, 592 F.3d at 457-60. These requirements are jurisdictional and cannot be waived. *Id.*

Ms. Freeman has not alleged or shown that she presented her claims in writing to the DLA. The Court therefore does not have subject matter jurisdiction to hear a claim under the FTCA.  In any event, Ms. Freeman has not asserted a claim under the FTCA.  She references it only in

response to DLA's Motion.  Even if she had asserted such a claim in an operative pleading, Ms. Freeman has not shown that any DLA employee acted within the scope of his or her office, which the FTCA requires.

## IV.    CONCLUSION

Ms. Freeman believes that DLA wronged her. But she has not shown a basis for relief against the DLA. The Court will thus dismiss her claims. And, because the dismissal is based on legal doctrines that bar her claims, rather than failures of her pleadings, the Court will dismiss the claims with prejudice.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

December 3, 2020